IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:15-CV-110-FL

| | | |
|---|---|---|
| DAVID C. DRUMMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RAY MABUS, Secretary of the U.S. | ) | |
| Department of the Navy, | ) | |
| | ) | |
| Defendant. | ) | |

This employment discrimination action is before the court on Defendant's motion to seal the Department of the Navy's EEO investigative file, which has been submitted as an exhibit to Defendant's motion to dismiss or, alternatively, for summary judgment, the matter having been referred to the undersigned by the Honorable Louise W. Flanagan, United States District Judge, for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). Plaintiff has not responded to Defendant's motion, and the time for doing so has expired. For the reasons stated below, Defendant's motion to seal is denied without prejudice.

Before sealing a publicly filed document, the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). "[T]he common law presumption in favor of access attaches to all records and documents," whereas "the First Amendment guarantee of access has been extended only to

particular judicial records and documents." *Stone*, 855 F.2d at 180-81 (internal quotation marks and citations omitted); *see, e.g.*, *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (finding that documents filed in connection with summary judgment motion fall under the First Amendment right to access). The common law presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Rushford*, 846 F.2d at 253). However, the denial of access under the First Amendment "must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Rushford*, 846 F.2d at 253.

To determine whether records should be sealed, this court must follow the procedure established in *In Re Knight Publ. Co.*, 743 F.2d 231 (4th Cir. 1984). First, the court must provide public notice of the request to seal and allow the interested parties a reasonable opportunity to object. *Id.* at 235-36. Notice is sufficient where a motion is docketed reasonably in advance of its disposition. *Id.* at 235. Second, the court considers less drastic alternatives, such as redaction of any sensitive material. *Id.* at 235-36. Then, if the court determines that public access should be denied, the court must provide specific reasons and factual findings supporting the decision to seal. *Id.*

Here, Defendant seeks to seal the Navy's EEO investigative file in its entirety because it "contains sensitive demographic and personally identifiable information (PII) that was created as part of a confidential EEO investigation." (Def.'s Mot. to Seal [DE #19] at 1.) Defendant maintains that such information is protected from public disclosure by the Privacy Act, 5 U.S.C. § 522a. The motion to seal was filed on November 30, 2015, and it has been accessible to the public on the court's computerized case management and case filing system since that time. Thus, the public has been provided with notice and an opportunity to object to Defendant's motion. *See Knight*, 743 F.2d at 234 (noting that the Third Circuit found notice sufficient where a motion was docketed reasonably in advance of its disposition); *see also Oliver v. Williams*, No. 5:09-CT-3027-H, 2010 WL 2927456, at *1 (E.D.N.C. July 21, 2010).

Defendant's motion to seal the investigative file in its entirety implicates the right of access under the First Amendment. *See Rushford*, 846 F.2d at 253 (citing *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1067-71 (3d Cir. 1984) (concluding that the First Amendment guarantees to the public and to the press the right of access to civil trials). The Privacy Act states "No agency shall disclose any record which is contained in a system of records . . . , except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . ." 5 U.S.C. § 552a(b). Plaintiff is the complainant to whom the EEO investigative file pertains, and Plaintiff has filed certain documents contained in the investigative file as exhibits to his amended complaint. As such, Defendant has not provided sufficient

3

argument under the First Amendment to support sealing the entire file. Nor has Defendant, in light of the more stringent standard, adequately demonstrated there are no alternatives to sealing the file in its entirety, such as redaction of any purportedly confidential information concerning individuals other than Plaintiff. Defendant has failed to adequately support its motion to seal [DE #19], and the motion is, therefore, DENIED WITHOUT PREJUDICE.

This 26th day of July 2016.

_____
KIMBERLY A. SWANK
United States Magistrate Judge