IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:15-CV-110-FL

| | |
|---|---|
| DAVID C. DRUMMOND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| RAY MABUS, Secretary of the U.S. ) | |
| Department of the Navy, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant's motion to dismiss for lack of jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or, in the alternative, for summary judgment [DE #16]. Plaintiff has responded, and Defendant has replied. Where this matter has been referred to the undersigned and the parties have not consented to the jurisdiction of the magistrate judge, Defendant's motion is undertaken pursuant to 28 U.S.C. § 636(b)(1)(B) for memorandum and recommendation. For the reasons stated below, it is recommended that Defendant's motion to dismiss be granted in part and denied in part, and Defendant's motion for summary judgment be dismissed without prejudice.

## BACKGROUND

David C. Drummond ("Drummond" or "Plaintiff") is an African-American male and is currently employed by the United States Department of the Navy ("Navy") at Fleet Readiness Center East as an Industrial Engineering Technician (GS-09). (Am. Compl. [DE #6] at 1.) In or around September 2010, Drummond applied for a

promotion to an Industrial Engineering Technician with a target grade of GS-11 pursuant to an open, continuous vacancy announcement. (Navy's Final Decision, Enclosure 1 [DE #6-2] at 8.) Drummond was graded and ranked, but ultimately not selected, for the position. (Compl. at 2.) On December 22, 2010, Drummond initiated contact with the Navy's Equal Employment Opportunity ("EEO") Counselor. (EEOC Decision, Enclosure 2 [DE #6-3] at 2.)

On February 11, 2011, Drummond filed an EEO complaint with the Navy alleging that he had been discriminated against on the bases of his race and gender. (EEOC Decision, Enclosure 2 at 2.) Although the timing is unclear, the record demonstrates that between February 2011 and June 2011, Drummond sought to amend the complaint to include claims of retaliation, contending that the Navy had retaliated against him by failing to amend and investigate claims submitted to the Navy. (Retaliation Claim, Enclosure 8 [DE #6-9] at 8-9.) On March 21, 2013, the Navy determined that Drummond had not been the subject of unlawful discrimination. (Navy's Final Decision, Enclosure. 1 at 1-2.) Drummond appealed the Navy's final decision to the Equal Employment Opportunity Commission ("EEOC"), which affirmed the Navy's final decision on September 19, 2014. (EEOC Decision, Enclosure 2 at 2.) Drummond filed for reconsideration, and the EEOC's final decision was given March 31, 2015.

On July 2, 2015, Plaintiff, proceeding *pro se*, instituted this action alleging that the Navy committed violations of Title VII of the Civil Rights Act of 1964 ("Title VII").

Defendant moves to dismiss Plaintiff's complaint, or for summary judgment in the alternative.

## DISCUSSION

I. Motion to Dismiss

    a. Standard

        i. 12(b)(1) Motion

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges subject matter jurisdiction. The plaintiff bears the burden to establish subject matter jurisdiction. "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Evans v. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). If the material jurisdictional facts are not in dispute, and the moving party is entitled to judgment as a matter of law, then the court should grant the Rule 12(b)(1) motion to dismiss. *See id.*

        ii. Rule 12(b)(6) Motion

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint or any claims contained therein that fail to state a claim upon which relief can be granted. The intent of the rule is to test the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S.

3

89, 94 (2007). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir.1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). While pro se complaints should be liberally construed, they are not exempt from the "requirement that a pleading contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In order to survive a 12(b)(6) motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 544. A complaint need not contain detailed factual allegations, but it must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Id.* at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which are sufficient to raise a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Facial plausibility is more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. It requires the plaintiff to articulate facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### b. Retaliation Claim

Drummond contends that the Navy retaliated against him by failing to amend his complaint to include allegations regarding inadequacies in the Navy's investigation. This is not a cognizable claim under Title VII. As a general matter,

4

the federal government may not be sued without its consent. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (sovereign immunity bars suit against the government except where it has consented to suit). While Title VII authorizes federal employees to sue the government for prohibited acts of workplace discrimination, such claims are cognizable only where they concern "personnel actions." 42 U.S.C. § 2000e-16(a). No cause of action exists against the government for malfeasance or misfeasance in the processing or investigation of discrimination claims. *Terry v. EEOC,* 21 F. Supp. 2d 566, 567 (E.D. Va. 1998) (collecting cases); *see also Belin v. EEOC,* 1997 U.S. Dist. Lexis 12072 (E.D. Mich. 1997) (dismissing failure to investigate claim against EEOC); *cf.* 29 C.F.R. § 1614.107(a)(8) (directing the EEOC to dismiss charges alleging "dissatisfaction with the processing of a previously filed complaint").

An individual's remedy, "when he [is] unhappy with the processing of his administrative claim, is to file a lawsuit challenging the agency's decision." *Mayes v. Potter*, No. 5:02-CV-18, 2003 WL 23220738, at *5 (W.D. Mich. May 22, 2003) (quoting 42 U.S.C. § 2000e–16(d) (now 42 U.S.C. § 2000e-16(c)) ("[A]n employee . . . if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action.")). Plaintiff availed himself of this statutory remedy by filing this action. Accordingly, Plaintiff's retaliation claim should be dismissed for lack of subject matter jurisdiction or, alternatively, for failure to state a claim.

### c. Discrimination Claims

Plaintiff's claims that he was discriminated against on the basis of his race and gender are governed by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). As pertinent here, Title VII proscribes federal employment discrimination by providing that all personnel actions affecting federal employees and applicants for federal employment "shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a).

Absent direct evidence of discrimination, courts in the Fourth Circuit apply the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Lettieri v. Equant, Inc.*, 478 F.3d 640, 646 (4th Cir. 2007.). To make out a prima facie case of race or gender discrimination with respect to a failure to select/promote claim, a plaintiff must demonstrate that "'(1) he is a member of the protected group; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination.'" *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 544-45 (4th Cir. 2003) (quoting *Brown v. McLean*, 159 F.3d 898, 902 (4th Cir. 1998)). If a prima facie case is established, then an inference of discrimination arises and the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse action. *McDonnell Douglas*, 411 U.S. at 802. The employer's burden is one of production, not of persuasion. *Henson*

v. *Liggett Group, Inc.*, 61 F.3d 270, 274-75 (4th Cir. 1995). Therefore, the employer is not required to prove the absence of discriminatory motive. *Id.*

"The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002). As Justice Thomas noted in *Swierkiewicz*:

> [I]t is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the *McDonnell Douglas* framework does not apply in every employment discrimination case. For instance, if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima face case. . . .
>
> . . . .
>
> Furthermore, [requiring a plaintiff to plead facts establishing a prima facie case under *McDonnell Douglas*] conflicts with Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.

*Swierkiewicz*, 534 U.S. at 511-12 (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (citation omitted). Nevertheless, a plaintiff must include in his complaint "enough factual allegations to state a claim to relief that is plausible, not merely speculative." *Ray v. Amelia Cnty. Sheriff's Office*, 302 F. App'x 209, 211 (4th Cir. 2008).

Here, Plaintiff is a black male and he alleges he was discriminated against on the bases of race and sex. He contends that he was not treated equitably during the evaluation of his work experience, that a job analysis was not performed regarding

7

the open position, that IT experience was not listed as required on the job announcement but was considered during the evaluation, and that the selectee falsified information on her resume, a matter of which the selecting individuals were aware and failed to properly investigate.

Plaintiff is a member of a protected group as he has alleged he is a black male. *See McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 280 (1976) (concluding that Title VII prohibited reverse discrimination "on the same terms" as discrimination against minority groups). He applied for the position in question and was denied the promotion. Drummond also alleges that he was more qualified for the position than the selectee. Lastly, Plaintiff, a black male, was denied a promotion, and thereafter, a white female was promoted to the same position, giving rise to an inference of discrimination. *See McCaskey v. Henry*, 461 Fed. App'x 268, 270 (4th Cir. 2012) (citing *Carter v. Ball*, 33 F.3d 450, 458 (4th Cir. 1994)). Therefore, Drummond has stated plausible claims of discrimination, and it is recommended that the motion to dismiss his discrimination claims be denied.

## II. Summary Judgment

Defendant moves for summary judgment in the alternative. Although an administrative investigation has been conducted of Plaintiff's claims, the parties have not yet been afforded a full opportunity for discovery in this action, the court having stayed case management and scheduling matters due to Defendant's pending dispositive motion. Accordingly, the undersigned finds Defendant's summary judgment motion premature at this juncture and recommends that the motion be

8

dismissed without prejudice to Defendant's right to refile the motion at the appropriate time.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that Defendant's motion to dismiss or, in the alternative, for summary judgment [DE #16] be GRANTED IN PART, DENIED IN PART, and DISMISSED WITHOUT PREJUDICE IN PART and that the court take the following action:

1.) dismiss Plaintiff's retaliation claim for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted;

2.) deny Defendant's motion to dismiss Plaintiff's race and gender discrimination claims; and

3.) deny without prejudice Defendant's motion for summary judgment.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until August 15, 2016, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 27th day of July 2016.

*/s/ Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge